# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VIA CHRISTI REGIONAL** ) | |
| **MEDICAL CENTER, INC., f/k/a** ) | |
| **ST. FRANCIS REGIONAL** ) | |
| **MEDICAL CENTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 02-1163-JTM |
| ) | |
| **TOMMY G. THOMPSON,** ) | |
| **Secretary of Health and Human** ) | |
| **Services,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's second motion to stay proceedings in this case. (Doc. 12). Defendant opposes the motion. For the reasons set forth below, plaintiff's motion shall be DENIED.

### Background

This is an action by Via Christi to increase past Medicare reimbursements from the government.[1] Highly summarized, the dispute centers on the government's refusal to reopen

---

[1] Plaintiff's theories include requests for: (1) review of an administrative decision, (2) declaratory judgment, and (3) a writ of mandamus.

prior administrative determinations concerning the amount of plaintiff's Medicare reimbursements dating back to 1990. Because similar legal issues concerning the relevant federal regulations were raised in a case then pending before the Tenth Circuit (Bartlett Memorial Medical Center, et al. v. Thompson, Case Nos 02-6142 and 02-6152), the parties sought and were granted a stay pending final resolution of the Bartlett case.[2]

On October 20, 2003, the Tenth Circuit issued an opinion in Bartlettt holding that the Secretary of Health and Human Services was entitled to summary judgment on all claims. Bartlett Memorial Medical Center, 347 F. 3d 828 (10th Cir. 2003). A petition for rehearing *en banc* was denied on April 8, 2004, and the Tenth Circuit mandate was issued April 16, 2004. No appeal has been taken and the Bartlett matter is concluded.

### Second Motion to Stay Proceedings

Notwithstanding the adverse legal ruling in Bartlett, plaintiff again seeks to stay proceedings in this case. In support of its motion, plaintiff argues that the United States District Court *for the District of Columbia* issued a ruling favorable to hospitals and against the Secretary on March 26, 2004. Baystate Health System v. Thompson, Case No. 02-0601. The decision is currently on appeal to the United States Court of Appeals for the District of Columbia. Plaintiff argues that this court should await the final resolution of Baystate,

---

[2] The Medicare reimbursement program, relevant federal regulations, and prior litigation were explained by the Tenth Circuit in Bartlett, 347 F. 3d 828, and will not be repeated.

including any appeal to the United States Supreme Court, before proceeding in this case.

Plaintiff's argument in support of its motion to stay is not persuasive. This case was originally stayed at the request of both parties because the Bartlett case, "presently pending in the United States Court of Appeals for the Tenth Circuit, should provide guidance and clarification concerning the issues pending in the instance case." (Order, Doc. 11). The Tenth Circuit has now "provided guidance and clarification" (albeit adverse to plaintiff). The fact that a district court in another circuit subsequently made a legal determination concerning the relevant federal regulations favorable to plaintiff hospitals is of no immediate consequence. This court sits within the Tenth Circuit and is obligated to follow its holdings.

In essence, plaintiff seeks to stay this case in the face of adverse Tenth Circuit precedent in the hope that another circuit will issue a ruling favorable to the hospitals and that the legal issues will ultimately be taken up and resolved by the Supreme Court in the plaintiff's favor. Under these particular circumstances, the court is not persuaded that a stay is appropriate. At a minimum the parties in this case should proceed to narrow the legal issues and resolve any factual issues (if they exist).[3] If the Supreme Court ultimately considers the issues raised in this case, plaintiff can renew its motion to stay.

**IT IS THEREFORE ORDERED** that plaintiff's motion to stay proceedings (Doc. **(Doc. 12)** is **DENIED.**

---

[3] The original stay (Doc. 11) was entered after the government filed its answer but before a scheduling order was entered. Although the government filed an administrative record, it is unclear whether any other factual matters are relevant to plaintiff's requests for a declaratory judgment and writ of mandamus.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a planning report to the undersigned judge's chambers by February 8, 2005. The court will determine whether a scheduling conference is required after review of the parties' planning report.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of January 2005.

S/Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge